

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

vs.

INDICTMENT

NO. 5:12CR43-R

18 U.S.C. § 1832(a)(1)
18 U.S.C. § 1832(a)(2)
18 U.S.C. § 1832(a)(3)
18 U.S.C. § 1832(a)(4)
18 U.S.C. § 1832(a)(5)
18 U.S.C. § 1834
18 U.S.C. § 2323(b)(1)

**PHILLIP LEE GROVES**
**GREGORY LEE WAMPLER**
**ERIC DALE TINDERHOLT**

The Grand Jury charges:

### COUNT 1

1. From on or about November 30, 2007, through on or about September 22, 2008, in the Western District of Kentucky, Christian County, Kentucky, and elsewhere, **PHILLIP LEE GROVES, GREGORY LEE WAMPLER**, and **ERIC DALE TINDERHOLT**, the defendants herein, knowingly conspired, confederated, and agreed together and with each other, and others known and unknown to the Grand Jury, to commit and attempt to commit an offense against the United States, to wit: the defendants, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate commerce and foreign commerce, for the economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following in violation of Title 18, United States Code, Section 1832(a)(1), (2), (3), and (4):

a) stole, and without authorization took, appropriated, carried away, concealed, and obtained by fraud, artifice, and deception trade secret information owned by White Drive Products, Inc.;

b) without authorization, copied, duplicated, downloaded, transmitted, sent, communicated, and conveyed trade secret information owned by White Drive Products, Inc.; and

c) received and possessed trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained, and converted without authorization.

## OVERT ACTS

2. In furtherance of the conspiracy, and in order to effect the objects thereof, the defendants committed the following overt acts, among others:

a) On or about January 11, 2008, defendant, **PHILLIP LEE GROVES**, without authorization to do so, copied and transferred onto a USB portable hard drive 125 files containing confidential trade secret information owned by White Drive Products, Inc.

b) On or about February 15, 2008, defendants, **PHILLIP LEE GROVES** and **GREGORY LEE WAMPLER,** made a business proposal to a business competitor of White Drive Products, Inc., detailing the benefits the competitor could realize by employing the defendants as a commission sales force working on behalf of the competitor.

c) On or about February 15, 2008, defendant, **PHILLIP LEE GROVES**, sent an e-mail to a representative of the business competitor referenced in paragraph b above and defendant, **GREGORY LEE WAMPLER**; attached thereto was a copy of the PowerPoint presentation included in the February 15, 2008 business proposal made to the competitor.

d) On or about February 22, 2008, defendant, **PHILLIP LEE GROVES**, without authorization to do so, copied and transferred onto a USB portable hard drive 17,317 files containing confidential trade secret information owned by White Drive Products, Inc.

e) On or about February 27, 2008, defendant, **PHILLIP LEE GROVES**, without authorization to do so, copied and transferred onto a USB portable hard drive 13,610 files containing confidential trade secret information owned by White Drive Products, Inc.

f) On or about March 20, 2008, defendant, **GREGORY LEE WAMPLER**, without authorization, accessed files stored on the USB portable hard drive referenced in paragraphs a, d, and e above containing confidential trade secret information owned by White Drive Products, Inc., and transferred onto this same USB portable hard drive 519 files containing confidential trade secret information owned by White Drive Products, Inc.

g) On or about March 22, 2008, defendant, **PHILLIP LEE GROVES**, without authorization, transmitted, via e-mail, to defendants, **GREGORY LEE WAMPLER** and **ERIC DALE TINDERHOLT**, confidential trade secret information owned by White Drive Products, Inc.

h) On or about April 30, 2008, defendant, **PHILLIP LEE GROVES**, sent an e-mail to his personal e-mail account disguised with the subject line, "map to wedding," which, without authorization, contained trade secret information owned by White Drive Products, Inc.

i) On or about May 5, 2008, defendants, **PHILLIP LEE GROVES** and **GREGORY LEE WAMPLER**, resigned from their jobs with White Drive Products, Inc.

j) On or about May 12, 2008, defendants, **PHILLIP LEE GROVES** and **GREGORY LEE WAMPLER**, began employment with the business competitor referenced in

paragraphs b and c above.

All in violation of Title 18, United States Code, Section 1832(a)(5).

The Grand Jury further charges:

## COUNT 2

On or about January 11, 2008, defendant, **PHILLIP LEE GROVES**, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate and foreign commerce, for the economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following:

    a)    steal, and without authorization take, appropriate, carry away, and conceal trade secret information owned by White Drive Products, Inc.;

    b)    without authorization, copy, duplicate, and download trade secret information owned by White Drive Products, Inc.; and

    c)    possess trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained, and converted without authorization

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3), and (4).

The Grand Jury further charges:

## COUNT 3

On or about February 22, 2008, defendant, **PHILLIP LEE GROVES**, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate and foreign commerce, for the economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following:

    a) steal, and without authorization take, appropriate, carry away, and conceal trade secret information owned by White Drive Products, Inc.;

    b) without authorization, copy, duplicate, and download trade secret information owned by White Drive Products, Inc.; and

    c) possess trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained and converted without authorization

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3), and (4).

The Grand Jury further charges:

## COUNT 4

On or about February 27, 2008, defendant, **PHILLIP LEE GROVES**, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate and foreign commerce, for the

economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following:

    a)     steal, and without authorization take, appropriate, carry away, and conceal trade secret information owned by White Drive Products, Inc.;

    b)     without authorization, copy, duplicate, and download trade secret information owned by White Drive Products, Inc.; and

    c)     possess trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained, and converted without authorization

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3), and (4).

The Grand Jury further charges:

## COUNT 5

On or about March 20, 2008, defendant, **GREGORY LEE WAMPLER**, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate and foreign commerce, for the economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following:

    a)     steal, and without authorization take, appropriate, carry away, and conceal trade secret information owned by White Drive Products, Inc.;

    b)  without authorization, copy, duplicate, and download trade secret information owned by White Drive Products, Inc.; and

    c)  possess trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained, and converted without authorization.

  In violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3), and (4).

The Grand Jury further charges:

### COUNT 6

  On or about March 23, 2008, defendant, **ERIC DALE TINDERHOLT**, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate and foreign commerce, for the economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following:

    a)  receive and possess trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained, and converted without authorization

  In violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3) and (4).

The Grand Jury further charges:

## COUNT 7

On or about May 1, 2008, defendant, **ERIC DALE TINDERHOLT**, with intent to convert a trade secret, as that term is defined in 18 U.S.C. § 1839(3), that is related to and included in a product that is produced for and placed in interstate and foreign commerce, for the economic benefit of another and others, other than the trade secret's owner, and knowing and intending that the offense will injure any owner of the trade secret, knowingly did and attempted to do the following:

  a) without authorization receive and possess trade secret information owned by White Drive Products, Inc. knowing the same to have been stolen, appropriated, obtained and converted without authorization; and.

  b) without authorization, transmit, deliver, send and communicate trade secret information owned by White Drive Products, Inc.

In violation of Title 18, United States Code, Sections 1832(a)(2), (3) and (4).

## NOTICE OF FORFEITURE

Upon conviction for a violation of 18 U.S.C. § 1832(a), defendant, **PHILLIP LEE GROVES**, shall forfeit to the United States the following items of property which were used and intended to be used, in any manner or part, to commit and facilitate the commission of offenses charged in Counts 1, 2, 3, 4, and 5,

  a) One Western Digital hard disk drive; Model Number WD800XMS-00; Serial Number WXEY07V35391;

b) One Dell Dimension desktop computer; Model Number 2350/MTC2; Serial Number 8VNP921 (containing one internal, Western Digital hard disk drive; Model Number WD600JB; Serial Number WCA8F2320674).

Pursuant to Title 18, United States Code, Sections 1834 and 2323(b)(1).

A TRUE BILL.

FOREPERSON

DAVID J. HALE
UNITED STATES ATTORNEY

UNITED STATES OF AMERICA V. **PHILLIP LEE GROVES, GREGORY LEE WAMPLER & ERIC DALE TINDERHOLT**

## P E N A L T I E S

| | |
|---|---|
| Count 1: | NM 10 yrs./$250,000/both/3 yrs. Supervised Release (All Defendants) |
| Counts 2-4: | NM 10 yrs./$250,000/both/3 yrs. Supervised Release (each count) (Groves only) |
| Count 5: | NM 10 yrs./$250,000/both/3 yrs. Supervised Release (Wampler only) |
| Count 6 & 7: | NM 10 yrs./$250,000/both/3 yrs. Supervised Release (each count) (Tinderholt only) |
| Forfeiture | |

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | | |
|---|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | | Felony: | $100 per count/individual |
| | $125 per count/other | | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613
If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 5: 12CR43-R

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

THE UNITED STATES OF AMERICA
vs.
PHILLIP LEE GROVES

GREGORY LEE WAMPLER

ERIC DALE TINDERHOLT

## INDICTMENT
**Title 18 U.S.C. §§ 1832(a)(5); 1832(a)(1); 1832(a)(2); 1832(a)(3); 1832(a)(4): Conspiracy to Convert Trade Secrets for Economic Benefit; Conversion of Trade Secrets for Economic Benefit.**

*A true bill.*

_____ Foreman

*Filed in open court this* 9th day, *of* October, A.D. 2012.

FILED
Clerk

OCT 0 9 2012

Bail, $

BY VANESSA L. ARMSTRONG
DEPUTY CLERK